*3*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
## - BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

**DEC 1 4 2001**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOSE JAVIER GONZALEZ-LOPEZ, | § | |
|    Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-01-203 |
| VS. | § | |
| | § | CRIMINAL NO. B-99-308 |
| UNITED STATES OF AMERICA, | § | |
|    Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is a petition filed by Jose Javier Gonzalez-Lopez ("Gonzalez-Lopez") pursuant to 28 U.S.C. § 2255. Gonzalez-Lopez seeks to have his fifty-seven month sentence imposed for violation of 8 U.S.C. §§ 1326(a) and (b)(2) reduced.

### BACKGROUND

A review of the file in Cr. No. B-99-308 styled United States of America vs. Jose Javier Gonzalez-Lopez AKA Ramon Gonzalez shows that the Petitioner was indicted on August 3, 1999, and charged with violation of 8 U.S.C. §§ 1326(a) and (b)(2). He entered a guilty plea on August 26, 1999. He was sentenced on November 3, 1999, to 57 months confinement. The facts to which he admitted at the time of his guilty plea were that he had been convicted in 1987 of voluntary manslaughter and possession of marihuana. He had been deported in 1992.

### SECTION 2255 PETITION

The Petitioner claims that he was sentenced in excess of the statutory maximum which he claims was two years.

### RECOMMENDATION

When a review of the motion and the case shows conclusively that a petitioner is not entitled

to relief, the Court is not required to serve notice on the United States Attorney or set a hearing. 28 U.S.C. § 2255. This is such a case. It is frivolous. Petitioner claims that he was only charged with violation of 8 U.S.C. § 1326(a) which he correctly states contains a two year maximum penalty. He ignores the fact that he was indicted under §§ 1326(a) and 1326(b)(2) with a twenty year maximum penalty. He also ignores the fact that he pled guilty and was admonished about the twenty year maximum. He admitted to conviction of an aggravated felony and a prior deportation.

IT IS THEREFORE RECOMMENDED that this case be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 13th day of December, 2001.

John Wm. Black
United States Magistrate Judge

2